[Civ. No. 6729.  Second Appellate District, Division One.—August 21, 1931.]

A. M. ULLMAN, Respondent v. CALIFORNIA CAB COMPANY (a Corporation) et al., Defendants; H. R. LANE, Appellant.

B. P. Gibbs for Appellant.

Cooper & Collings for Respondent.

HOUSER, J.—Defendant Lane appeals from a judgment rendered against him in favor of plaintiff in an action for personal injuries.

The sole question presented by appellant is whether the amount of damages awarded to plaintiff is excessive; and the reason urged by appellant for a reversal of the judgment is that the decision of the court and the judgment based thereon are not sustained by the evidence.

As stated in the findings of fact made by the trial court, " . . . plaintiff received a deep, jagged laceration about one inch in length in his forehead over his right eye, contusion of the right lower chest and forearm, and abrasions of the right ankle, from all of which plaintiff became *sick, sore and disabled* and suffered a permanent scar on his right forehead, to his damage in the sum of twenty-five hundred (2500) dollars".

An examination of the record herein discloses the details from which the trial court was justified in finding that as a result of the injuries particularly mentioned in said finding "plaintiff became sick, sore and disabled . . . " Included within such record is evidence to the effect that prior to the accident which resulted in the injuries to plaintiff his general physical condition was good; that after the accident plaintiff suffered pain for a period of about five weeks—intense pains in his side; dull and constant pain in his right forearm; sharp pains in his forehead; that

at the time of trial, which was several months after the accident occurred, "there remains a pain about the center of the spine"; that plaintiff was "very restless, nervous, sleeping in a disturbed fashion", with pain in his back which he did not have before the accident; that for about five weeks he had pain in the back, along with pain in his side, following which such pains continued intermittently, that is, for several days he would be without pain and then with it for a day or so at a time; that on occasions when plaintiff experienced nervousness the large muscles "in the rear of the neck" would contract to such an extent as to become quite painful, lasting during the duration of the particular nervous disturbance; that plaintiff's head was bandaged for about four weeks, and his chest was strapped with adhesive tape after the accident for about two and a half weeks; that after the accident plaintiff was "in a terribly nervous condition"; that for days at a time he was "unable to attend to anything pertaining to business"; that on a great many occasions plaintiff found that "discussions, controversies or arguments, ordinarily incumbent upon the average business man engaged in any line of business, would at once upset (his) nervous system to such an extent that (he) would have pains in (his) stomach and would have to immediately discontinue such discussion or controversy or argument in order to secure any relief from this nervous attack"; and that in time of continuance, such pains varied from several minutes to several hours. A physician testified in substance that the "nervousness from normal reaction, . . . would be caused from a collision" such as produced plaintiff's other physical injuries.

It thus appears that the evidence was amply sufficient to sustain the finding of fact to which attention has been directed.

Where the ground urged for a new trial is that the judgment rendered was excessive in amount, an appellate tribunal is authorized to reverse the judgment only when it appears that the judgment was "so disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice and raise a presumption that it (was) based on prejudice or passion". (20 Cal. Jur. 101, and authorities there cited.) On consideration of the

facts, this court is unable to say that such required condition here obtains.

It is ordered that the judgment be and it is affirmed.

Conrey, P. J., and York, J., concurred.